# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven White, | Case No. 15-cv-1951 (DWF/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jim Benson, | |
| Respondent. | |

Steven White, *Pro se*, No. 234651, Rush City, Minnesota.

Lee W. Barry, III, Esq., Hennepin County Attorney's Office, Minneapolis, Minnesota, for Respondent.

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Respondent Jim Benson's (the "State") Motion to Dismiss Petition as Time Barred ("First Motion to Dismiss") [Doc. No. 7], Petitioner Steven White's ("White") Motion to Accept Amended Memorandum of Law in Support of Habeas Corpus Petition ("Motion to Amend") [Doc. No. 11], and the State's Motion to Dismiss Motion to Accept Amended Memorandum of Law ("Second Motion to Dismiss") [Doc. No. 15].

White filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") [Doc. No. 1]. A jury convicted White of first-degree aggravated robbery, kidnapping, and being a prohibited person in possession of a firearm. *State v. White*, No. A11-1030, 2012 WL 2077300, at *1 (Minn. Ct. App. June 11, 2012) [hereinafter *White I*],

*review denied* (Minn. Aug. 21, 2012). The district court sentenced White "to a prison term of 108 months on the aggravated robbery conviction, 60 months on the prohibited-person conviction, and 60 months on the kidnapping conviction, all to run concurrently." *Id.* at *2. In his Petition, White argues (1) his due process rights were violated because there was insufficient evidence to convict him of being a prohibited person in possession of a firearm; (2) his Sixth Amendment right to confrontation was violated when a police officer testified to lab results; (3) his due process rights were violated during identification procedures both before and during trial; and (4) his due process rights were violated when the prosecutor vouched for a police officer's testimony and the prosecutor "inject[ed] himself personally into the case." *See* (Pet.); *see also* (Addendum, Attached to Pet.) [Doc. No. 1-1]; (Mem. of Law in Supp. of Habeas Corpus Pet.) [Doc. No. 2].

The State argues that White's Petition is barred by the statute of limitations. (First Mot. to Dismiss); (Second Mot. to Dismiss).

This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the State's First Motion to Dismiss and White's Motion to Amend as moot, and granting the State's Second Motion to Dismiss.

I.   **BACKGROUND**

   A.   **Background in State Court**

As stated above, a jury convicted White of first-degree aggravated robbery, kidnapping, and being a prohibited person in possession of a firearm. *White I*, 2012 WL 2077300, at *1. The Minnesota Court of Appeals affirmed his conviction, but reversed his sentence and remanded the case for resentencing. *Id.* The Minnesota Supreme Court denied review on August 21, 2012, and White did not petition the United States Supreme Court for a writ of certiorari. *White v. State*,

No. A14-0155, 2014 WL 4494396, at *1 (Minn. Ct. App. Sept. 15, 2014) [hereinafter *White II*], *review denied* (Minn. Nov. 25, 2014); *see also* (Pet. at 4); (Mem. Supporting Second Mot. to Dismiss, "Second Mem. in Supp.") [Doc. No. 16 at 3]. The state district court resentenced White to a term of imprisonment of 98 months on October 22, 2012, and White did not appeal. *See* (Second Mem. in Supp. at 3).

On June 17, 2013, White filed a motion for post-conviction relief. (Order Denying Pet. for Post-Conviction Relief, "Post-Conviction Order," MNCIS No. 27 CR 10-46189 (Minn. Dist. Ct. Jan. 2, 2014) at 7, Ex. B, Attached to Pet.). White withdrew this petition on July 22, 2013. (Second Mem. in Supp. at 4). On November 4, 2013, White filed a second post-conviction petition arguing ineffective assistance of trial and appellate counsel. (Post-Conviction Order at 1–2). The state district court denied the petition on January 2, 2014, and White appealed. (*Id.* at 16); *White II*, 2014 WL 4494396, at *1. The Minnesota Court of Appeals affirmed, and the Minnesota Supreme Court denied review on November 25, 2014. *Id.*; *see also* (Order, No. A14-0155 (Minn. Nov. 25, 2014), Ex. D, Attached to Pet.).

B.   **Procedural History**

White signed this Petition on April 7, 2015, although it was not filed with the Court until April 15, 2015. (Pet. at 16). The Court ordered the State to respond or move to dismiss, noting that White's Petition may be untimely. (Order Dated Apr. 29, 2015) [Doc. No. 6]. The State filed its First Motion to Dismiss on May 6, 2015, arguing that White's Petition was untimely. (First Mot. to Dismiss). White responded on June 4, 2015, arguing that his due process rights were violated because his attorney told him his state case was complete, his attorney failed to inform him about deadlines for filing a petition for a writ of certiorari, and his attorney failed to inform

3

him about dates to file his federal habeas petition. (Reply to First Mot. to Dismiss, "First Resp.") [Doc. No. 10 at 7, 10–14].

On July 13, 2015, White moved the Court to accept an "amended Memorandum of Law in Support of his Habeas Corpus petition." (Mot. to Amend). The amended memorandum, filed on the same day as the Motion to Amend, addresses the merits of the petition and does not address the timeliness issue raised in the State's First Motion to Dismiss. (Am. Mem. of Law in Supp. of Habeas Corpus Pet., "Am. Mem.") [Doc. No. 12].

In response to the Court's order, the State filed a Second Motion to Dismiss. The State raised and argued the timeliness issue in a memorandum nearly identical to the memorandum it submitted with its First Motion to Dismiss. *Compare* (Mem. Supporting First Mot. to Dismiss) [Doc. No. 8] *with* (Second Mem. in Supp.). The State further argued that White's Amended Memorandum "does not address the statute of limitations issue" and "[e]quitable tolling of the statute of limitations is not appropriate simply because the petitioner has a 'lack of legal knowledge or legal resources.'"[1] (Second Mem. in Supp. at 8) (quoting *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)). White responded, making nearly identical arguments to the arguments that he made in his First Response. *Compare* (First Resp. at 10–14) *with* (Reply to Resp't's Second Mot. to Dismiss, "Second Resp.") [Doc. No. 18 at 10–15]. In addition, White argued that the Amended Memorandum should be accepted because he pursued his rights diligently. (Second Resp. at 14). White asks the Court "to excuse any procedural default rule that 'would result in a fundamental miscarriage of justice.'" (*Id.* at 15) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

---

[1] Because the First and Second Motions to Dismiss and their accompanying memoranda are substantially the same, and because the Second Motion to Dismiss addresses White's Motion to Amend, the Court finds the First Motion to Dismiss is moot, and recommends denying it on that ground.

4

## II. DISCUSSION

The State argues that although White's post-conviction proceedings toll the applicable one-year statute of limitations, the period of time that is not tolled exceeds one year. *See* (Second Mem. in Supp. at 6–8).

### A. Legal Standard

A federal court may review an application for a writ of habeas corpus filed on behalf of an individual under the judgment of a state court if the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established that a state prisoner must file for the writ of habeas corpus within one year from the latest of the following dates:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

### B. Analysis

In light of the above legal standard, the precise issue here is whether the period of time between when White's conviction became final and when White filed his habeas Petition

amounts to more than one year, giving consideration to the amount of time tolled during his participation in post-conviction proceedings.

### 1.     Time Elapsed

Nothing in Petitioner's submissions to the Court suggest that clauses (B), (C), or (D) of § 2244(d)(1) apply.

> In other words, there is no suggestion that the State created any unconstitutional impediment that prevented [White] from seeking federal habeas relief within the prescribed one-year limitations period, and [White] has not shown that his current claims are based on any new, retroactively applicable, constitutional ruling, or any new and previously undiscoverable evidence that could extend the deadline for seeking federal habeas corpus relief.

*See Abdulkader v. Minnesota*, Civil No. 11-897 (DWF/JJG), 2011 WL 2960223, at *2 (D. Minn. Apr. 25, 2011) (Graham, Mag. J.), *adopted by* 2011 WL 2910569 (Frank, J.) (July 20, 2011).

Therefore, the one-year limitations period began the day White's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). The Minnesota Supreme Court denied review of White's direct appeal on August 21, 2012. *See White I*, 2012 WL 2077300. Although he did not petition the United States Supreme Court for a writ of certiorari, he had ninety days to do so. Sup. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Therefore, White's conviction became final ninety days after August 21, 2012—November 19,

2012. In other words the one-year limitations period began running on November 19, 2012, and expired on November 19, 2013.[2]

Nonetheless, White's two post-conviction proceedings tolled this one-year limitations period. *Cf. Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) ("Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." (alteration in original) (internal quotation marks omitted)). The one-year limitations period was tolled when White filed his first petition for post-conviction relief on July 17, 2013. Thus, the first period of time counted against the one-year limitation is November 19, 2012, to July 17, 2013, or 240 days. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005) ("State proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed."). White withdrew this petition on July 22, 2013, which then ended the tolling period. Thus, the second period of time counted against the one-year limitations period is July 22, 2013, to November 4, 2013, when White filed his second post-conviction petition. This amount of time is 105 days.

The limitations period is not tolled for the ninety-day period during which certiorari could have been sought for review of a post-conviction decision. *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Therefore, the

---

[2] Although White was resentenced on October 22, 2012, nothing in his Petition suggests he is challenging his sentence. *See* (Pet.). Therefore, "his judgment of conviction became 'final' for purposes of § 2244(d)(1)(A), upon the completion of the direct appeal—not when he was resentenced." *See Moore v. Minnesota*, Civil No. 10-3843 (JRT/FLN), 2010 WL 6634573, at *3 (D. Minn. Oct. 20, 2010) (Noel, Mag. J.), *adopted sub nom. Moore v. Fabian*, 2011 WL 1827472 (May 12, 2011) (Tunheim, J.); *see also DeCoteau v. Schweitzer*, 774 F.3d 1190, 1192 (8th Cir. 2014) (holding "that the statute of limitations in 28 U.S.C. § 2244(d)(1) applies to each claim within an application"); *cf. Sanders v. Symmes*, Civil No. 06-4854 (ADM/FLN), 2007 WL 627853, at *6 (D. Minn. Feb. 27, 2007) (Montgomery, J.) ("Assuming that Petitioner is actually challenging his new 2002 sentence, (which appears to be the case), then it is at least arguable that the § 2244(d)(1) statute of limitations did not begin to run until that new sentence became final on appeal.").

second post-conviction tolling period ended on November 25, 2014, when the Minnesota Supreme Court denied review of the Minnesota Court of Appeals's decision denying White's petition for post-conviction relief. *See* (Order, No. A14-0155 (Minn. Nov. 25, 2014), Ex. D, Attached to Pet.). Thus, the third period of time counted against the one-year limitations period is November 25, 2014, to April 7, 2015, when White mailed his Petition.[3] *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc) ("[A] *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court.") *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008) (en banc). Therefore, the third period of time constitutes 133 days.

Adding these three periods of time together, a total of 478 days that are not subject to tolling elapsed between the date White's conviction became final and the date he filed his habeas Petition. This does not comport with the one-year statute of limitations established in 28 U.S.C. § 2244(d)(1). Therefore, White's Petition is untimely.

### 2. Equitable Tolling

White argues that his delay in filing his Petition is attributable to counsel. (Second Resp. at 10–15). The Court construes this as an argument that the one-year statute of limitations should be equitably tolled.

"[Section] 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *see also Maghee*, 410 F.3d at 476. Equitable tolling applies "where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction." *Maghee*, 410

---

[3] White's Petition is dated April 7, 2015, so he could not have mailed it prior to that date. The Court assumes he delivered his Petition for mailing on the same day he signed it, April 7, 2015. *See Abdulkader*, 2011 WL 2960223, at *1 (taking same approach).

F.3d at 476. "Petitioners are expected to diligently pursue their own post-conviction cases." *Id.* Because White does not argue that this delay in filing his Petition is attributable to the State, the Court considers whether extraordinary circumstances beyond White's control prevented him from filing his Petition within the statute of limitations. *See id.*

In support of his argument, White submitted a letter he sent to his appellate counsel dated June 28, 2012, where he instructed counsel to "do whatever necessary to ensure I have that issue reserved or have exhausted the remedies needed to proceed in the event we are unsuccessful in this petition [for review to the Minnesota Supreme Court]." (Letter from White to Richard Schmitz ("Schmitz"), Assistant State Public Defender (June 28, 2012), Ex. A, Attached to First Resp.). White also submitted a letter from his counsel informing him that the Minnesota Supreme Court denied the petition for review and that the "state court appeal on your case is now complete." (Letter from Schmitz to White (Aug. 22, 2012), Ex. B, Attached to First Resp.). As White notes, his counsel's letter does not refer to or describe the process to petition for a writ of certiorari to the United States Supreme Court or the deadlines for a federal habeas petition. *See* (Second Resp. at 11, 13). White argues this caused his failure to file a timely habeas petition.[4] (*Id.* at 13).

To the extent White argues that counsel should have told him about the time period to file a petition for a writ of certiorari, his argument is unavailing. Assuming without deciding that this failure constitutes ineffective assistance of counsel, "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002).

In *Beery*, the petitioner's counsel told petitioner that he was working on a post-conviction petition and was trying to get appointed to represent petitioner. *Id.* at 951–52. The Eighth Circuit

---

[4] White's Response refers to a "federal appeal," which this Court construes as referring to a petition for a writ of habeas corpus in federal court. *See* (Second Resp. at 13).

concluded that the attorney's actions did not constitute an "extraordinary circumstance beyond [petitioner's] control [that] prevented him from filing a timely habeas petition." *Id.* at 952. In *Sellers*, the Eighth Circuit held equitable tolling was not warranted when the petitioner's "state post-conviction attorney failed to communicate with him and did not send his case file." *Sellers v. Burt*, 168 F. App'x 132, 133 (8th Cir. 2006) (unpublished).

The Court cannot conclude that White's counsel's failure to communicate with him about the timing of the petition for a writ of certiorari constitutes an extraordinary circumstance. In fact, White does not argue that if he had known about the deadline, he would have petitioned for a writ for certiorari, or that it would have changed any of the other timing issues addressed above. *See generally* (Second Resp.).

Additionally, White does not demonstrate that he communicated with his counsel about federal habeas petition timing, or that his counsel, who is a state public defender, was engaged to represent him or provide him advice about federal collateral review of his case. White's letter requests only that his counsel ensure that a legal issue is "reserved" or "exhausted," which appears to be consistent with the actions his counsel took by appealing to the Minnesota Court of Appeals and seeking review from the Minnesota Supreme Court. *See* (Letter from White to Schmitz, Ex. A, Attached to First Resp.). White's letter does not request his counsel take any action independent of the state court post-conviction proceedings. Other than White's sole assertion of reliance on his counsel, he provides no other information that would allow the Court to conclude that he diligently pursued his rights.

White's circumstances stand in sharp contrast to the circumstances in which the United States Supreme Court remanded a case for a determination of whether extraordinary circumstances existed. *See Holland*, 560 U.S. at 652–54. In *Holland*, the petitioner repeatedly

asked his counsel to timely file his federal habeas petition, counsel failed to communicate with petitioner regarding the status of his case, counsel failed to communicate with the petitioner for a period of years, despite the petitioner's numerous letters, and petitioner "repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his counsel]—the central impediment to the pursuit of his legal remedy—removed from his case." *Id.* at 653; *see also id.* at 652. Additionally, "the **very day** that [the petitioner] discovered that his AEDPA clock had expired due to [his counsel's] failings, [the petitioner] prepared his own habeas petition *pro se* and promptly filed it with the District Court." *Id.* at 653.

For the foregoing reasons, the Court cannot conclude that equitable tolling applies to White's untimely federal habeas petition.

### 3. Conclusion

White's Petition is untimely because the amount of time between when his conviction became final and when he filed his federal habeas petition, excluding time tolled for post-conviction proceedings, exceeds the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Further, the statute of limitations should not be equitably tolled in this case. Therefore, the Court recommends granting the State's Second Motion to Dismiss.

### C. Motion to Amend

The Motion to Amend relates to White's desire to have his Amended Memorandum replace the original memorandum he filed with his Petition. (Mot. to Amend). The Amended Memorandum does not address, much less resolve, the statute of limitations issue addressed above.

Because the Court recommends granting the Second Motion to Dismiss, the Court recommends denying the Motion to Amend as moot.

### III.     CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Respondent's Motion to Dismiss Motion to Accept Amended Memorandum of Law [Doc. No. 15] be **GRANTED**;

2. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] be **DENIED**;

3. Respondent's Motion to Dismiss Petition as Time Barred [Doc. No. 7] be **DENIED as moot**;

4. Petitioner's Motion to Accept Amended Memorandum of Law in Support of Habeas Corpus Petition [Doc. No. 11] be **DENIED as moot**; and

5. This action be **DISMISSED WITH PREJUDICE**.

Dated: January 26, 2016

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.